**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTIANH OLUBUNMI SUTTON, Petitioner, v. LORETTA E. LYNCH, Attorney General, Respondent. | No. 14-73472 Agency No. A095-701-670 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016[**]

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Christianh Olubunmi Sutton, a native and citizen of the United Kingdom,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's ("IJ") order denying her

application under 8 U.S.C. § 1186a(c)(4)(B) for waiver of the joint filing

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

requirement to remove the conditional basis of her lawful permanent resident status. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's denial of a waiver under 8 U.S.C. § 1186a(c)(4)(B), *Damon v. Ashcroft*, 360 F.3d 1084, 1088 (9th Cir. 2004), as well as the agency's adverse credibility determinations, *Oropeza-Wong v. Gonzales*, 406 F.3d 1135,1147-48 (9th Cir. 2005). We deny in part and grant in part the petition for review.

Substantial evidence supports the agency's denial of Sutton's application for a waiver under 8 U.S.C. § 1186a(c)(4)(B), where the record does not compel reversal of the agency's determination that petitioner failed to establish, through credible testimony or documentary evidence, that her marriage was entered into in good faith. *See id.* at 1148 (adverse credibility determination "based on specific, cogent reasons" upheld (citation, quotation marks and alterations omitted)); 8 U.S.C. § 1186a(c)(4) (to establish eligibility for this waiver, the alien must demonstrate that the qualifying marriage was entered into in good faith by the alien spouse).

Contrary to Sutton's contention, her explanations for certain inconsistencies in the record do not compel reversal of the agency's determinations. *See Lata v INS*, 204 F.3d 1241, 1245 (9th Cir. 2000) (alien's explanation for discrepancy in

evidence, even if plausible, did not compel reversal of adverse credibility determination).

Sutton's contention that the IJ based his determinations on impermissible factors is not supported by the record.

Sutton's contention that the agency failed to allow her the opportunity to seek a second waiver under 8 U.S.C. § 1186(c)(4) is without merit, where she failed to file any request to the agency for a continuance or stay of proceedings for that purpose.

The BIA failed to address Sutton's contention that her former attorney provided ineffective assistance of counsel by failing to pursue a hardship waiver. We remand for the BIA to address this claim. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) ("IJs and the BIA are not free to ignore arguments raised by a petitioner").

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**